UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JEFFREY LEWIS,                                    :
          Plaintiff,                           :
                                                  :
      v.                                          :    No. 5:21-cv-01753
                                                  :
LEHIGH VALLEY LOGISTICS,                          :
*d/b/a ALL U LOGISTICS*,                          :
          Defendant.                           :
_____

**O P I N I O N**
**Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 6 -**
**Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                          **July 19, 2021**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff, Jeffrey Lewis, filed the above-captioned action against his former employer, Defendant All U Logistics, alleging that he was discriminated against on the basis of disability and wrongfully terminated. All U has filed a motion to dismiss the Complaint or, in the alternative, for summary judgment, arguing that the sole federal cause of action is legally deficient because it is not an "employer" as defined by the applicable statute. For the reasons set forth below, Count I is dismissed without prejudice.

## II.    BACKGROUND

The Complaint alleges that Lewis began working for All U as a warehouse employee in July 2004. *See* Compl. ¶ 2, ECF No. 1. Approximately sixteen years later, he suffered a hernia

that required surgery with several weeks of recovery.  *See id.* ¶¶ 4a,[1] 10.  Due to his medical condition, Lewis had a restricted range of motion and was unable to move heavy objects, as was needed of him after All U's warehouse suffered flood damage.  *See id.* ¶¶ 6a, 9.  Lewis filed a workers compensation claim on August 8, 2020, and underwent surgery the following month.  *See id.* ¶¶ 11-12.  On September 25, 2020, while recovering from surgery, Lewis went to the All U warehouse to submit his medical clearance to return to work the following month.  *See id.* ¶¶ 12-13.  Lewis handed the paperwork to his manager, "who immediately threw the papers to the ground and stated: 'I don't need you here anymore, I needed you when we had the flood.'"  *Id.* ¶ 14.  The manager accused Lewis of failing to help with the flood-related damage and informed him that his position was terminated.  *See id.* ¶ 16.

The Complaint sets forth three counts: a violation of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; (2) the Pennsylvania Workers' Compensation Act of 1915 ("PWCA"), 77 Pa. Stat. Ann. § 1 *et seq.*; and (3) the Pennsylvania Human Relations Act of 1955 ("PHRA"), 43 Pa. C.S. § 951 *et seq.*  Jurisdiction is based on 28 U.S.C. § 1331 (federal question).

All U has filed a motion to dismiss or, in the alternative, for summary judgment.  *See* Mot., ECF No. 6.  All U argues that Lewis has not, and cannot, allege any facts to establish that All U is an "employer" under the ADA because it never employed the requisite number of fifteen or more employees.  In support, it attaches the affidavit of the president of All U and employee records and timeline spreadsheets for 2019 through 2020.  All U furthers asserts that once the

---

[1]  The Complaint begins with paragraph numbers 1 through 6, then instead of going to paragraph 7, it repeats numbers 1 through 6.  Thus, any time this Court cites the to second paragraphs numbered 1 through 6, it has added an "a" after the number.

ADA claim is dismissed, there is no basis for this Court to exercise supplemental jurisdiction over the remaining state law claims.

In response to the motion, Lewis argues that the Complaint plausibly alleges that All U is an "employer" within the meaning of the ADA, meeting the ADA's numerosity requirement and stating a claim.  *See* Resp., ECF No. 8.  Lewis further contends that All U's exhibits do not establish that it fails to meet the numerosity requirement because the records are not full employee records, but only relate to information used for purposes of the Affordable Care Act ("ACA").  Lewis asserts that there is a genuine dispute as to the number of employees and that discovery is necessary to determine the same.

All U filed a reply brief disputing that the Complaint alleges All U is an "employer" within the meaning of the ADA and, also, stating that the mere mention of the ACA in the records does not detract from the fact that all of All U employees are included therein, which demonstrates that the most employees it ever had was fourteen for three days in April/May 2019.  *See* Reply, ECF Nos. 9-10.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      B.      **ADA Discrimination- Review of Applicable Law**

The ADA states: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2).  An "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 12111(5)(A).  "[T]he fifteen-

employee threshold is a substantive element (whether an 'employer' exists) . . . and is not jurisdictional." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003) (determining that "the ADA's fifteen-employee requirement is in all relevant respects indistinguishable from Title VII's"). To state a prima facie case of discrimination under the ADA a plaintiff must also show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998).

    C.    **Supplemental Jurisdiction - Review of Applicable Law**

Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim. . . if . . . [it] has dismissed all claims over which it has original jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In deciding whether to exercise supplemental jurisdiction, the district courts should consider factors such as judicial economy, convenience, and fairness to litigants. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them"). The United States Supreme Court has further advised that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

IV.	ANALYSIS

    A.	**The motion for summary judgment is premature.**

At this early stage of the proceedings, before discovery has commenced, a motion for summary judgment is premature. *See Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977) ("[W]e have said that where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."); *Jacobs v. York Union Rescue Mission, Inc.*, No. 1:12-CV-0288, 2013 U.S. Dist. LEXIS 20299, at *18-19 (M.D. Pa. Feb. 5, 2013) (finding that the motion for summary judgment was premature in advance of discovery and the relevant facts- the number of the defendant's employees- were solely in the possession of the defendant); *Walsh v. Irvin Stern's Costumes*, No. 05-2515, 2006 U.S. Dist. LEXIS 2120, at *34-35 (E.D. Pa. Jan. 19, 2006) (concluding that because the plaintiff has had no opportunity to obtain discovery on the issue of the number of persons employed by the defendants, the motion for summary judgment was premature). The motion for summary judgment is therefore denied without prejudice.

    B.	**Count I is dismissed because the Complaint fails to include any allegations that All U is an "employer" under the ADA.**

Contrary to Lewis's assertion in his brief, the Complaint does not allege that ALL U is an "employer" within the meaning of the ADA. Rather, the Complaint merely alleges that All U "is a Pennsylvania business corporation with a regular place of business located at 1801 South 12th Street, Allentown, PA 18103." Compl. ¶ 1a. All three mentions of the word "employer" in the Complaint relate only to general law and do not refer to All U or to the specific facts of this case. *See id.* ¶¶ 18, 37, 40(c). Similarly, two of the three references to the word "employee" in the Complaint relate only to general law and the third simply states that Lewis was "a warehouse employee. . . ." *See id.* ¶¶ 2, 37-38. The Complaint is devoid of any allegations pertaining to

how many other employees, aside from the one named manager, worked at All U. *See generally* Compl. The Complaint therefore fails to state an ADA claim. *See Zang v. W. Pa. Teamsters & Emple. Welfare Fund*, No. 14-1651, 2015 U.S. Dist. LEXIS 83930, at *4 (W.D. Pa. June 29, 2015) (dismissing the complaint because the plaintiff did not discuss her employment in relation to the ADA or its definition of "employer," made no reference to the number of the defendant's employees, and failed to plead any facts from which it could reasonably be inferred that the defendant was an "employer" as defined by the ADA). Count I is dismissed without prejudice.[2]

### C. A final decision on supplemental jurisdiction over the state law claims will await the filing of an amended complaint, if any.

Although this Court does not intend to exercise supplemental jurisdiction over the state law claims if no federal cause of action remains viable, the state law claims will not yet be dismissed because Lewis is given leave to file an amended complaint. If Lewis chooses not to file an amended complaint or is again unable to state a federal cause of action, supplemental jurisdiction will be declined, and all claims will be dismissed at that time. Lewis will then have thirty days to file the state law claims in state court. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a) [providing for supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

### V. CONCLUSION

There are no allegations in the Complaint that All U has more than fifteen employees to qualify it as an "employer" as that term is defined in the ADA. Because this allegation is an

---

[2] *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

essential element of an ADA claim, the Complaint is legally deficient. Although All U has submitted evidence showing that it did not have the requisite number of employees, this evidence may not be considered under Rule 12(b)(6) and a motion for summary judgment is premature in advance of discovery. Accordingly, the ADA claim in Count I, as well as the motion for summary judgment, is dismissed without prejudice. This Court will defer a decision on whether to exercise supplemental jurisdiction over the remaining state-law claims until after an amended complaint is filed.

      A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge